UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SYLVESTER ANDREWS, :
:
Plaintiff : No. 3:CV-12-1518
:
vs. : (Judge Nealon)
:
USPO CHIEF RONALD CASTRO, et al., :
:
Defendants :

**MEMORANDUM**

Plaintiff filed the above captioned civil action pursuant to the Privacy Act, 5 U.S.C. § 552a(e)(s)(G)(1)(c) and (G)(4), against the named federal Defendants for allegedly maintaining incorrect information in his inmate file, namely Plaintiff's Pre-sentence Investigative Report ("PSI"), prepared for use in his 1993 conviction of various federal drug and weapons offenses. However, Plaintiff's 2012 challenge to his 1993 PSI is made well outside the Privacy Act's two-year statute of limitations. See 5 U.S.C. § 552a(q)(5).

Additionally, section 552a(j) of the Privacy Act allows an agency to establish regulations to exempt certain records systems from the Act's requirements. Under 28 C.F.R. § 16.97(j), (k)(2), the Bureau of Prisons' Inmate Central Records System is exempt from the Privacy Act's accuracy requirements. Plaintiff's PSI is contained in the Inmate Central Records System; therefore, his challenge to the accuracy of his PSI may not be maintained under the Privacy Act. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (upholding dismissal of a Privacy Act claim that challenged the accuracy of a PSI because the Inmate Central Records System is exempt from Subsection 552a(e)(5) of the Privacy Act); Scaff-Martinez v. Fed. Bureau of Prisons, 160 Fed. Appx. 955 (11th Cir. 2005) (affirming dismissal of a federal inmate's

Privacy Act claim for alleged failure of the Bureau of Prisons to maintain accurate records); see also PS 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, page 5.

Accordingly, because Plaintiff's claim was brought beyond the statute of limitations and is not cognizable under the Privacy Act, his complaint will be dismissed.

A separate Order will be issued.

Date: December 17, 2012

United States District Judge