# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

SYLVESTER ANDREWS, :
:
    Plaintiff : No. 3:CV-12-1518
:
vs. : (Judge Nealon)
:
USPO CHIEF RONALD CASTRO, :
et al., :
:
    Defendants :

## MEMORANDUM

### Background

Plaintiff, an inmate currently confined in the United States Penitentiary, Coleman, Florida, filed the above captioned civil action pursuant to the Privacy Act, 5 U.S.C. §§ 552a(e)(s)(G)(1)(c) and (G)(4). (Doc. 1, complaint). The action proceeds via an amended complaint filed on August 20, 2012. (Doc. 6, Amended Complaint). The named Defendants are Ronald DeCastro, Chief United States Probation Officer; Theola Myers, United States Probation Officer; Zane David Memeger, United States Attorney for the United States District Court for the Eastern District of Pennsylvania; Karl Lunkenheimer, Assistant United States Attorney; and the Bureau of Prisons. Id. Plaintiff alleges that Defendants are maintaining incorrect information in Plaintiff's inmate file, namely Andrews' Pre-sentence

Investigative Report ("PSI") report, prepared for use in his 1993 conviction of various federal drug and weapons offenses. Id.

By Memorandum and Order dated December 18, 2012, the Court dismissed the complaint as having been brought beyond the statute of limitations and for not being cognizable under the Privacy Act. (Docs. 10, 11).

Presently before the Court is Plaintiff's motion for reconsideration of this Court's December 18, 2012 Memorandum and Order, dismissing the action. (Doc. 25). For the reasons set forth below, Plaintiff's motion for reconsideration of this Court's Order will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the

2

court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999), citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's December 18, 2012 Memorandum and Order dismissing the complaint reveals that the following was concluded:

> Plaintiff filed the above captioned civil action pursuant to the Privacy Act, 5 U.S.C. § 552a(e)(s)(G)(1)(c) and (G)(4), against the named federal Defendants for maintaining incorrect information in his inmate file, namely Plaintiff's Pre-sentence Investigative Report ("PSI"), prepared for use in his 1993 conviction of various federal drug and weapons offenses. However, Plaintiff's 2012 challenge to his 1993 PSI is made well outside the Privacy Act's two-year statute of limitations. See 5 U.S.C. § 552a(q)(5).
>
> Additionally, section 552a(j) of the Privacy Act allows an agency to establish regulations to exempt certain records systems from the Act's requirements. Under 28 C.F.R. § 16.97(j), (k)(2), the Bureau of Prisons' Inmate Central Records System is exempt from the Privacy Act's accuracy requirements. Plaintiff's PSI is contained in the Inmate Central Records System; therefore, his challenge to the accuracy of his PSI may not be maintained under the Privacy Act. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (upholding dismissal of a Privacy Act claim that challenged the accuracy of a PSI because the Inmate Central Records System is exempt from Subsection 552a(e)(5) of the Privacy Act); Scaff-Martinez v. Fed. Bureau of Prisons, 160 Fed. Appx. 955 (11th Cir. 2005) (affirming dismissal of federal inmate's Privacy Act claim for alleged failure of BOP to maintain accurate records); see also PS 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, page 5.
>
> Accordingly, because Plaintiff's claim was brought beyond the statute of limitations and his not cognizable under the Privacy Act, his complaint will be dismissed.

(Doc. 11, pp. 1-2).

Plaintiff's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. In support of his

4

motion for reconsideration, Plaintiff states that the Court "errs in dismissing a pro se complaint without giving plaintiff an opportunity to amend said complaint" and that he 'has amended the complaint and the 'Bureau of Prisons is no longer a Defendant to this civil action under the Privacy Act claim'." (Doc. 25, motion for reconsideration). As such, Plaintiff requests that this Court "reconsider its order of December 17, 2012" and "find this amended complaint to be 'true and proper' and in the interests of justice." Id.

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." Dole v. Arco Chemical Co., 921 F.2d 484, 486–87 (3d Cir. 1990); FED. R. CIV. P. 15(a)(1) (2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met

5

in order to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." Dole, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Amendment is futile when the claim sought to be added would be barred by the statute of limitations. See Garvin, 354 F.3d at 219. However, an amendment of a pleading that changes the party or the naming of the party will relate back to the date of the original pleading and therefore will not be barred by the statute of limitations when the requirements of Rule 15(c)(1)(C) are met. Rule 15(c) provides:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

6

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Under Rule 15, "the decision whether to allow a plaintiff to amend the complaint [under Rule 15(a)] is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint [under Rule 15(c)]." Eaglin v. Castle Acquisition, Inc., No.2011–48, 2012 U.S. Dist. LEXIS 148590, *4 (D.V.I. Oct. 16, 2012) (quoting Caban–Wheeler v. Elsea, 71 F.3d 837, 840 (11th Cir. 1996)); see also Arthur v. Maersk Inc., 434 F.3d 196, 202–203 (3d Cir. 2006) (explaining that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct" and comparing the standards of Rule 15(a) and Rule 15(c)). Therefore, even if Plaintiff's amended pleading meets the requirements of Rule 15(c) and would relate back to the date of the original pleading, leave to amend under Rule 15(a) may be denied if the Court determines that amendment would be "unjust" and leave should not be granted. See Arthur, 434 F.3d at 203; Wine v. EMSA Ltd.

P'ship, 167 F.R.D. 34, 39 (E.D. Pa. 1996) (holding that proposed amendment related back under Rule 15(c) but denying leave to amend under Rule 15(a) because the interests of justice did not warrant allowing amendment).

Plaintiff seeks to amend his complaint by removing the Bureau of Prisons as a Defendant. However, removing the Bureau of Prisons does not revive Plaintiff's claim, as it has no relation to the applicable statute of limitations. As stated in this Court's December 18, 2012, Memorandum, there is a two-year statute of limitations within which to file a claim under the Privacy Act. (Doc. 11). Accordingly, his 2012 challenge to his 1993 PSI is well outside the Privacy Act's two-year statute of limitations.

Consequently, Andrews' motion for reconsideration does not raise or set forth any arguments that call into question this Court's Order of December 18, 2012. That Order is not troubled by manifest errors of law or fact and Andrews has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order will be issued.

**Date: December 13, 2013**

**United States District Judge**